FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAR 27 A II:

CLERK C. Robinson
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GREGORY ORR,

   Petitioner,

vs.              CIVIL ACTION NO.: CV212-161

ANTHONY HAYNES, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Orr ("Orr"), who is currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Orr filed a Traverse. Respondent filed a Reply. For the reasons which follow, Orr's petition should be **DENIED**.

## STATEMENT OF THE CASE

Orr was convicted, after a jury trial, of: conspiracy to commit RICO offenses, in violation of 18 U.S.C. § 1962(d); mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); and money laundering, in violation of 18 U.S. C. § 1956(a)(1)(B)(i). Orr was sentenced to 87 months' imprisonment. He has a projected release date of January 18, 2015, via good conduct time release. (Doc. No. 11-1, p. 2).

Orr asserts in his petition that the Bureau of Prisons ("BOP") exceeded its authority by excluding him from early release upon his completion of the Residential Drug Abuse Program ("RDAP"). Orr contends that the BOP's decision is arbitrary and capricious and in violation of the Administrative Procedures Act. Orr also contends that the offenses for which he was convicted do not relate in any way to violence, and that the only perceived threats made were made by another person.

Respondent alleges that Orr's ineligibility for the RDAP was determined properly because his convictions for conspiracy to commit RICO offenses and money laundering and money laundering itself disqualified him from eligibility for early release. Respondent also alleges that the BOP's determination is entitled to deference.

## DISCUSSION AND CITATION TO AUTHORITY

18 U.S.C. § 3621(b) requires that the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." This treatment program carries with it an early release component, wherein the BOP has discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a nonviolent offense and completes a Residential Drug Abuse Program during his current confinement. 18 U.S.C. § 3621(e)(2)(B). Regulations implementing this provision subsequently excluded inmates who committed certain felonies from the early release incentive. The applicable regulation provides that certain offenses "**may** be violent depending on the underlying offense." Program Statement 5162.05, § 3(b) (emphasis in original). The BOP's Program Statement implementing this regulation lists the offenses which may preclude an inmate's eligibility for the early release incentive, including racketeering

2

offenses under 18 U.S.C. § 1962. In addition, this Program Statement lists felony offenses which, at the Director's discretion, shall preclude early release, including offenses having as "an element, the actual, attempted, or threatened use of physical force" and those by their "nature or conduct, present[ ] a serious potential risk of physical force[.]" Program Statement 5162.05, § 4; 28 C.F.R. §§ 550.55(b)(5)(i) and (iii). The BOP is free to "promulgate[ ] regulations and policies to implement the early release incentive." Lopez v. Davis, 531 U.S. 230, 234-35 (1990); Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). The BOP "may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably in a manner that is not arbitrary or capricious." Lopez, 531 U.S. at 240.

The leading case on the judiciary's review as to whether an agency has acted lawfully is Chevron, U.S.A., Inc. v. Natl. Res. Defense Council, Inc., 467 U.S. 837 (1984). "When a court reviews an agency's construction of the statute which it administers, Chevron instructs the court to engage in a two-part analysis." Sarut v. Atkinson, No. 09-23665-CIV, 2010 WL 3123216, at *3 (S.D. Fla. July 5, 2010) (citing Chevron, 467 U.S. at 843-45). First, the court must decide "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 843. However, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. Accordingly, "if [the agency's construction of the statute] represents a reasonable accommodation of conflicting policies that were committed to the agency's

care by statute, [a court] should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that congress would have sanctioned." Id. (internal citation omitted) (first alteration in original). The Supreme Court has declared the BOP to be an agency entitled to Chevron deference. Cook, 208 F.3d at 1319. Similarly, the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) authorizes a court to "set aside agency action, findings, and conclusions found to be . . . abritrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Section 706(2)(A) requires an agency to "cogently explain why it has exercised its discretion in a given manner." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Ins. Co., 463 U.S. 29, 48 (1983).

In applying 28 C.F.R. § 550.55(b)(5) and Program Statement 5162.05 to those category of offenses of which Orr was convicted, the BOP can exclude Orr for the RDAP based on his pre-conviction conduct. Lopez, 531 U.S. at 244. The BOP stated as supporting rationale that the "Director of the [BOP] exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public." Austin v. Fed. Bureau of Prisons, No. 6:09-485-MBS, 2010 WL 412815, at *4 (D. S.C. Jan. 27, 2010) (citing Drug Abuse Treatment Program, 74 F. R. 1892, 1895 (Jan. 14, 2009)), aff'd, 382 F. App'x 275 (4th Cir. 2010).[1] The BOP had discretion to exclude Orr from eligibility for the RDAP, and thus, early release eligibility, based on his convictions falling under § 550.55(b)(5)(i) and (iii), and this decision was not done in a capricious or arbitrary manner. The cases cited by Orr in his Traverse only speak in general terms about broad and unfettered discretion and how the BOP is

---

[1] This Regulation was subject to comment period pursuant to the APA. 74 F. R. 1892.

4

not entitled to that discretion here. These cases do not address the BOP's application of 28 C.F.R. § 550.55(b) and its corresponding Program Statement 5162.05 to section 3621.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Orr's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE