IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GREGORY ORR,

    Petitioner,

vs.          CIVIL ACTION NO.: CV212-161

ANTHONY HAYNES, Warden,

    Respondent.

# ORDER

Petitioner Gregory Orr ("Orr") has filed a Supplement to his 28 U.S.C. § 2241 as well as Objections to the Magistrate Judge's Report and Recommendation. Orr asserts that he learned that his co-defendant, who is housed at another federal penal institution, has entered the Residential Drug Abuse Program ("RDAP") and will be receiving one (1) year off of his sentence upon completion of the RDAP. Orr also asserts that he is entitled to an evidentiary hearing. The Magistrate Judge has previously denied Orr's motion for an evidentiary hearing, (Doc. no. 18), and the undersigned discerns no reason to disturb that ruling. The Order dated March 30, 2013, shall remain the Order of the Court.

In his Objections, Orr contends that the Magistrate Judge made his finding that the Bureau of Prisons' ("BOP") decision to exclude him from receiving early release upon completion of the RDAP and not his co-defendants was not capricious or arbitrary

without having a fully developed record. Orr contends that the BOP has not applied controlling law and has acted arbitrarily, capriciously, and contrary to law "without any rational basis as to" him. (Doc. No. 22, p. 6). Orr avers that, while the BOP has broad discretion, that discretion is not unfettered. Orr contends that the BOP is not applying its regulations in a uniform manner, as it has treated similarly situated defendants differently. Orr also contends that the offenses for which he was charged and convicted did not involve violence or the serious potential risk of physical force.

Accepting as true Orr's assertions that his offenses did not involve actual violence or the serious potential risk of physical force, the BOP determined that Orr's convictions for conspiracy to commit money laudering and racketeering and money laundering precluded his entitlement to early release upon his completion of the RDAP. The BOP is under no duty to grant Orr early release upon completion of the RDAP, as this is a discretionary decision. 18 U.S.C. § 3621(e)(2)(B). The BOP determined that Orr's convictions, by their very nature, could involve the use of violence. In addition, the BOP determined that Orr's convictions actually involved the threat of violence, contrary to Orr's contention that these offenses did not. (Doc. No. 11-1, pp. 5, 9). Even if this were an incorrect depiction of the crimes for which he was convicted, Orr cannot successfully state a claim that the BOP acted arbitrarily or capriciously, only that the BOP may have acted based on erroneous information. That is not the same as acting in an arbitrary or capricious manner.

To the extent Orr wishes to bring an equal protection claim, he cannot. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his

2

discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotation marks and citation omitted). Orr has not shown that his alleged different treatment was based on a constitutionally protected interest.

Orr's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Orr's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 25 day of July, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)